(1 App. Div. 219.)

### WINTRINGHAM v. WHITNEY.

(Supreme Court, Appellate Division, Second Department. February 4, 1896.)

1. APPEAL—OBJECTIONS WAIVED.

Where a demurrer to a counterclaim, drawn under Code Civ. Proc. § 494, providing that plaintiff may demur to a counterclaim, or a defense consisting of new matter contained in the answer, on the ground that it is insufficient in law on the face thereof, is treated by the trial court and counsel as sufficient in form, it will not be held insufficient on appeal, on the ground that it does not specify the particular objections to the counterclaim, as required by sections 495, 496.

2. COUNTERCLAIM CONTAINING DENIALS—WHEN DEMURRABLE.

A demurrer will lie to a counterclaim containing denials the effect of which is to negative the existence of any relation between defendant and

plaintiff, and thus show that the cause of action relied on as a counter-claim could not arise out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, and could not have been connected with the subject of the suit. Fletcher v. Jones, 19 N. Y. Supp. 47, 64 Hun, 274, disapproved.

Appeal from special term.

Action by Henry C. Wintringham against Frederick C. Whitney to recover for services rendered by plaintiff for defendant, in which defendant filed a counterclaim. From an interlocutory judgment entered on a decision sustaining a demurrer to the counterclaim, defendant appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, BARTLETT, and HATCH, JJ.

Irving M. Dittenhoefer, for appellant.
R. Burnham Moffat, for respondent.

BARTLETT, J. For a first cause of action the complaint in this case alleged that the plaintiff was a yacht and boat builder, doing business in the city of Brooklyn; that the defendant was the owner of the sloop yacht White Wings; that between the 25th day of June and the 30th day of August, 1890, the plaintiff, at the request of the defendant, performed certain work, furnished certain materials, and laid out sundry sums of money upon the said yacht, of which an account was duly rendered to the defendant; and that the reasonable value of such services and materials, together with the money expended, was $309.49, no part of which sum had yet been paid, although duly demanded. The defendant, in his answer, alleged that he had no knowledge or information sufficient to form a belief as to whether the plaintiff was a yacht and boat builder, doing business in the city of Brooklyn, and therefore he denied that allegation. He also denied positively each and every other allegation set out in the complaint as constituting the first cause of action. For a further and separate answer and defense to the first alleged cause of action, and by way of counterclaim, after reiterating, realleging, and reasserting the denials already mentioned, the defendant alleged as follows:

"That the plaintiff was, at the times hereinafter mentioned, and at the times mentioned and referred to in the complaint, a yacht and boat builder, and also engaged in the business of taking charge of yachts for hire at his ship-yard in the city of Brooklyn; that the said plaintiff, in connection with, and as part of the arrangement or contract claimed to have been made by him for the performance of, certain work, labor, and services, and the furnishing of certain materials in and upon the yacht White Wings, as alleged in the complaint, agreed, among other things, to take charge of said yacht White Wings at his shipyard, or dock adjacent thereto, at the foot of Fifty-fifth street, in the city of Brooklyn, at an agreed compensation, and to take extraordinary and good care of the said yacht during the continuance of the said bailment; that the plaintiff so negligently and carelessly conducted himself with respect to the said yacht, and so grossly violated his said contract in reference to the care of the same, that the said yacht was greatly damaged, by having her starboard bow stove in, and her forward timbers loosened and strained, and various other damage done, so that the said yacht became unfit for use and unseaworthy, and sustained damages in the sum of $500.00; that the said counterclaim and cause of action existed at the time of the com-

mencement of this action and the said cause of action arose out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, and is connected with the subject of the action."

To the counterclaim thus pleaded the plaintiff demurred, on the ground that the same was insufficient in law upon the face thereof. The court below rendered a decision sustaining the demurrer, and from the interlocutory judgment entered thereon the defendant has appealed to this court.

The first point made by the appellant is that the demurrer is defective, because it merely states that the counterclaim is insufficient in law upon its face, and does not specify the objections to the counterclaim, as required by section 490 of the Code of Civil Procedure. That section provides that the plaintiff may demur to a counterclaim upon which the defendant demands an affirmative judgment, where one or more of five several objections (which are specified in the section) appear on the face of the counterclaim. Section 496 requires a demurrer taken under the previous section to distinctly specify the objections to the counterclaim, and provides that otherwise the demurrer may be disregarded. There is no doubt that strict practice would have required the plaintiff herein to distinctly specify one or more of the objections mentioned in section 495, inasmuch as the counterclaim to which he demurred was one upon which the defendant demanded an affirmative judgment, and, therefore, fell within the purview of the section. The demurrer, however, was evidently drawn under section 494 of the Code of Civil Procedure, which relates to a counterclaim upon which no affirmative judgment is demanded. That section provides that the plaintiff may demur to a counterclaim or a defense consisting of new matter contained in the answer, on the ground that it is insufficient in law upon the face thereof. A demurrer under that section, on that ground, is practically the same thing as a demurrer under section 495, specifying the objection that the counterclaim does not state facts sufficient to constitute a cause of action. That the court and counsel regarded it in this light may be inferred from the fact that no objection to the form of the demurrer is disclosed by the record. The case appears to have been argued and decided below on the assumption that the demurrer was sufficient in form, and, in the absence of objection, that they thought it was properly so regarded. We are also satisfied that judgment was properly rendered against the defendant on the demurrer. The counterclaim begins by adopting certain denials, the effect of which is to totally disconnect the defendant from any of the transactions which are set out in the complaint as constituting the first cause of action. It then proceeds to aver, in substance, that the plaintiff agreed to take charge of the yacht White Wings, at its shipyard in the city of Brooklyn, at an agreed compensation, and to take good and extraordinary care of the said yacht, but conducted himself so negligently and carelessly in respect to the vessel that she was damaged to the extent of $500. It is impossible to perceive how these averments, if true, can possibly affect the defendant, or give him any claim or cause of action against the plaintiff; for, as a part of the very

same counterclaim, he has denied any ownership of the yacht in question, and there is not anything in his pleading to indicate that he had any interest whatever in the vessel.   The counterclaim is not aided at all by the allegation in the last clause that it existed at the time of the commencement of the action, and arose out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, and was connected with the subject of the action. No effect can be given to those statements as allegations of fact, in view of the previous denials disconnecting the defendant from the yacht and the plaintiff's claim by reason of his work upon it.   In the case of Flechter v. Jones, 64 Hun, 274, 19 N. Y. Supp. 47, the general term of the First department held that a defense which contained a general denial was not demurrable, and the appellant cites that decision in support of the proposition that a demurrer never lies to a pleading which contains denials of the complaint. We think this proposition is too broad to be an accurate statement of the law.   A demurrer to a defense which consists in part of a general denial cannot be sustained; but there is no reason why a demurrer may not be well taken to a counterclaim containing denials the effect of which is to negative the existence of any relation between the defendant and the plaintiff, and thus show that the cause of action relied upon as a counterclaim could not have arisen out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, and could not have been connected with the subject of the suit.   Ordinarily, it is true, denials are no part of a counterclaim (Foley v. Bank [Com. Pl.] 33 N. Y. Supp. 414), but the pleader who has chosen to incorporate them in a counterclaim cannot successfully object to their being so considered.

The interlocutory judgment should be affirmed, with costs.   All concur.