(22 Misc. Rep. 279.)

### GREEN v. BROWN.

(Supreme Court, Special Term, Kings County. January 25, 1898.)

1. USURY—INTEREST AFTER MATURITY.
   A note which provides for the payment of more than the statutory rate of interest after maturity is not usurious and void.

2. PLEADING—ANSWER—DEFENSE.
   The fact that a denial is incorporated in an insufficient defense will not prevent a demurrer being sustained thereto, where it is surplusage, and has been pleaded elsewhere.

3. SAME.
   Nothing should be pleaded "as a defense" the burden of proving which is not on the defendant.

**4. SAME.**

The broad meaning which has been given to the word "Defense" in Code Civ. Proc. § 3253, has no application to the rules of pleading.

Action by James Green against Robert B. Brown on a promissory note. Plaintiff demurs to defendant's answer. Sustained.

The complaint alleges the note to have been dated, and made and delivered by the defendant to the plaintiff, at St. Louis, Mo., and by its terms to be payable to the order of the plaintiff one year after date at a named bank in the city of New York, with interest at the rate of 6 per cent. until maturity, and after maturity at the rate of 8 per cent. The answer pleads as a defense that the note was not made and delivered at St. Louis, but at New York City, and that the agreement to pay 8 per cent. interest after maturity made the note usurious and void. To this defense the plaintiff demurs that it is insufficient in law upon the face thereof..

Edward F. Dwight, for plaintiff.

Howard A. Sperry, for defendant.

GAYNOR, J. A note or other contract for the payment of money is not usurious and void for providing for the payment of more than the statutory rate of interest after maturity. Pomeroy v. Ainsworth, 22 Barb. 124; Sumner v. People, 29 N. Y. 337; Bank v. Curtiss, 19 Johns. 335.

That there is incorporated in the defense a denial of the allegation of the complaint that the note was given for value, does not prevent the demurrer from being sustained. This denial had already been pleaded in the appropriate place for denials, and should not have been repeated. And a "denial" is not a "defense." It can have no place in a defense. A denial in a defense is mere surplusage, and is not to be regarded. Not even a novice in pleading should plead a denial as a defense. In an answer denials are pleaded, if there be any, and then come defenses. The latter always were, and they still are, distinct from the former in both name and substance. A defense may only contain new matter, viz., matter outside of the issue raised by a general or special denial. Code Civ. Proc. § 500. A defendant may set forth as many defenses as he has, "whether they are such as were formerly denominated legal or equitable," and each must be separately stated and numbered. Id. § 507. This illustrates the confusion of calling a denial a defense, for who in referring to denials would distinguish them in respect of whether they are "legal or equitable"? Nothing should be pleaded "as a defense" the burden of proving which is not upon the defendant. Courts are liable to take careless pleaders at their word, and throw upon the defendant the burden of proving matter alleged as a defense which is no defense at all, but embraced within the general issue, thereby enabling the plaintiff to prevail, as in Whitlatch v. Fidelity, etc., Co., 149 N. Y. 45, 43 N. E. 405. It has become almost the rule to find contributory negligence pleaded as a defense, although that issue is raised by a denial, and the burden of it is upon the plaintiff. It has even become quite common to find answers which formally plead not only denials, but also admissions under the head of "For a Defense," whereas an admission is neither a denial nor a defense, and does not need to be pleaded at all, for every material allegation not denied stands admitted.

I do not overlook that in Fletcher v. Jones, 64 Hun, 274, 19 N. Y. Supp. 47, it was held that a demurrer to a defense of new matter in justification in an action of libel, which was adjudged to be no defense at all, could not be sustained because the previous general denial to the complaint was found to be reiterated in such defense; but I do not conceive that case to be regarded as more than local authority, if it remains even that. A general denial repeated in a defense is no more to be regarded than any other surplusage or idle verbiage found there. The broad meaning which has been given to the word "defense" in section 3253 of the Code of Civil Procedure has no application to the rules of pleading.

The demurrer is sustained.