(22 Misc. Rep. 580.)

## VON HAGEN v. WATERBURY MFG. CO.

(Supreme Court, Special Term, Kings County.   February 15, 1898.)

PLEADING—MATTERS OF DEFENSE—MOTION TO STRIKE.

Where, in answer to a complaint alleging a breach of contract, defendant pleads a general denial, its allegation that it had refused to make the contract unless a deposit was made, and that the deposit was not made, should be stricken, as such a matter is not a "defense," within Code Civ. Proc. § 500, and can be shown under the general denial.

Action by Philip Von Hagen against the Waterbury Manufacturing Company.

Motion to strike out allegations pleaded as a defense.   The complaint alleges the breach of a contract by the defendant to sell and deliver to the plaintiff certain specified merchandise, and prays for damages.   The answer contains in substance a general denial, and then pleads as a "defense" that one Jacob Von Hagen asked the defendant to manufacture and deliver to him the said merchandise; that the defendant informed him that it would not make the contract without a deposit of $300 being made; that such deposit was not made by the said Jacob Von Hagen, and the defendant did not manufacture and deliver the goods.   Motion granted.

Emley & Rubino, for the motion.

Byram L. Winters, opposed.

GAYNOR, J.   This is one of those answers which so often bother trial judges.   The so-called "defense" is no defense.   A defense can only consist of new matter, viz., facts outside of the issue raised by a general or special denial.   Code Civ. Proc. § 500.   First come denials in an answer, and then defenses if there be any.   The distinction between them is shown in the rule that while a defense may be stricken out as sham, a denial may not be.   Wayland v. Tysen, 45 N. Y. 281.   Nothing may be pleaded as a defense which may be proved under a denial.   Flack v. O'Brien, 19 Misc. Rep. 399, 43 N. Y. Supp. 854; McManus v. Assurance Co., 22 Misc. Rep. 269, 48 N. Y. Supp. 820; Green v. Brown, 22 Misc. Rep. 279, 49 N. Y. Supp. 163. The burden of proof is on the defendant upon an issue made by a defense, and facts should not be pleaded as a defense if the burden of proving the issue to which they belong is not on the defendant. This is the test to go by.   The general denial in this answer raises the whole issue.   It puts the plaintiff to the proof of the alleged contract, and enables the defendant to prove any fact which disproves the making of it.   If, therefore, Jacob Von Hagen, named in the alleged defense, were to be considered as Philip Von Hagen, the plaintiff, the facts stated are not a defense, but are embraced within the general issue.

Motion granted.