(22 Misc. Rep. 585.)

### HICKS v. NEW JERSEY CAR-SPRING & RUBBER CO.

. (Supreme Court, Special Term, Kings County.   February 11, 1898.)

1. CONTRACT OF HIRING—ACTION FOR BREACH.
   In an action for damages for breach of a contract of hiring, the particular facts constituting a valid cause for the discharge of an employé during the term contracted for are inadmissible, unless pleaded.

2. SAME—DEFENSE.
   It is no defense, within Code Civ. Proc. § 500, providing that a defense is a statement of new matter, in an action for breach of contract, to plead that defendant "discharged plaintiff for good and sufficient cause, and particularly for disloyalty to its interests, and for conduct and actions harmful and injurious to its business."

3. SAME—PLEADING.
   In an action for breach of contract of hiring, where defendant pleads conduct and actions harmful to his business, he must give the specific facts constituting such actions.

Action by John B. Hicks against the New Jersey Car-Spring & Rubber Company for damages for breach of a contract of service by discharge.   Motion for a further bill of particulars.   Granted, with costs.

Wray & Pilsbury, for the motion.

Robert Thorne, opposed.

GAYNOR, J.   The particular facts constituting a valid cause for the discharge of an employé during the fixed term of service contracted for must be pleaded as a defense, in an action for damages for breach of the contract, in order to be proved.   Linton v. Fireworks Co., 124 N. Y. 533, 27 N. E. 406.   The defense pleaded here is that the defendant "discharged the plaintiff for good and sufficient cause, and particularly for disloyalty to its interests, and for conduct and actions harmful and injurious to its business."   This is no defense.   A defense is a statement of new matter, viz., matter outside of the general issue sufficient to defeat the plaintiff's cause of action. Code Civ. Proc. § 500.   This is not a statement of new matter, viz., of facts constituting a defense.   No facts are pleaded, but only a conclusion of law.   But as the plaintiff is content to consider it a defense, the defendant must either by an amended answer, or by a bill of particulars, give the specific facts constituting the defense, with the time of their occurrence.

Motion granted, with $10 costs.