LAURIE v. DUER et al.

(Supreme Court, Special Term, Kings County. December, 1899.)

PLEADING—NEGATIVE PREGNANT—FRIVOLOUS ANSWER.
        Motion for judgment on an answer as frivolous was denied, though the
        so-called "defenses" consisted merely of denials in hæc verba, the answer
        also containing matter pleaded in justification and in mitigation.

Action by Ann Laurie against John King Duer and others. Motion for judgment on answer denied.

H. P. Keith, for the motion.
F. L. Allen, opposed.

GAYNOR, J. The complaint is for damages for assault and battery, false imprisonment and malicious prosecution. Instead of the answer being the brief and settled form of a general denial, which would be the scientific way of pleading, it is one of those unscientific and troublesome answers which has come into vogue in New York county. It starts out with what it calls "For a first defense," but which turns out not to be a "defense" at all, but only a denial. A "defense" can consist only of new matter, viz., matter outside of the issue raised by a denial. First in an answer comes a general denial, or (if a general denial does not lie) special denials, unless the complaint is not deniable. In that way issue is taken on all that can be proved under the complaint. A denial in the nomenclature of pleading is not a "defense," but next after the denial or denials in an answer comes the "defense" (Code Civ. Proc. § 500), if there be any, viz., a plea of matter which cannot be proved under a denial, like payment, or accord and satisfaction; always something outside of the issue made, or which could be made, by a denial; and the burden of proof is on the defendant to prove a pleaded defense. Where there is no denial, but only a defense, the defendant has the right to open and close. In the case at bar this so-called "first defense," and another so-called "defense" following it, consist only of denials in hæc verba of the several subdivisions of the complaint. Each of those subdivisions contains several statements of fact, dates, adjectives, conjunctives and disjunctives, and the like. The so-called "denial" in respect of each subdivision is that the defendant denies "as alleged" in specified folios (which is also not permissible) of the complaint "that," etc.; quoting in hæc verba the entire subdivision. Each of these denials is a negative pregnant. It is pregnant with

the substantial truth of the allegations professedly denied. Kelly v. Sammis, 25 Misc. Rep. 6, 53 N. Y. Supp. 825. They are frivolous, and judgment would have to be ordered on the answer were it not that it contains matter pleaded as a defense in justification, and also as a partial defense in mitigation. Section 507. It may be that such matter is all provable under a proper denial, but that is not raised before me. Few lawyers seem content with a general denial nowadays. Many of them go farther and fare worse. As the pleadings stand, the allegations of the complaint are not denied, but the matter alleged in justification and mitigation may be proved under the answer.

The motion is therefore denied.