(31 Misc. Rep. 378.)

### MITNACHT v. HAWTHORNE et al.

(Supreme Court, Special Term, Kings County. May, 1900.)

EJECTMENT—PLEADING—REPLY—EVIDENTIAL ALLEGATIONS—MOTION TO STRIKE OUT.

    Where a complaint in ejectment contains a history of plaintiff's chain of title in lieu of an allegation of ownership, and the answer, instead of denying plaintiff's allegations, as required by Code Civ. Proc. § 500, admits portions of the complaint, and then sets out a history of defendant's title, and an unnecessary reply is filed, consisting of admissions, denials, and statements of evidence, such reply will be stricken out on motion.

Ejectment by Jacob A. Mitnacht, as trustee, etc., against Charles Hawthorne and others. Motion to strike out plaintiff's reply. Granted.

W. G. Bussey, for plaintiff.
P. L. Klock, for defendants.

GAYNOR, J. The pleadings here are a fine sample of the way of pleading which has become the vogue in New York county, and which is such an annoyance to trial judges. It is quite impossible to make out what issue they present without a laborious scrutiny of them. The action is in ejectment. Instead of a complaint in scientific form that the plaintiff is the owner and entitled to the possession of the property, we have a long paper called a "complaint" which purports to set out the history and chain of the plaintiff's title, which

is a matter of evidence and not of pleading. Then comes the answer, more extraordinary still, if that be possible. It starts out by alleging "for a first defense" that the "defendants admit all the allegations in paragraph first of said complaint." What kind of a "defense" is an "admission"? A defense must consist of new matter, i. e. matter outside of what can be proved under a denial, such as a general release, payment, and so on. In other words, a defense can only consist of matter which the defendant has to affirmatively prove. Code Civ. Proc. § 500; Flack v. O'Brien, 19 Misc. Rep. 399, 43 N. Y. Supp. 854; McManus v. Assurance Co., 22 Misc. Rep. 269, 48 N. Y. Supp. 820; Green v. Brown, 22 Misc. Rep. 279, 49 N. Y. Supp. 163; Von Hagen v. Manufacturing Co., 22 Misc. Rep. 580, 49 N. Y. Supp. 465; Hicks v. Rubber Co., 22 Misc. Rep. 585, 49 N. Y. Supp. 401; Kelly v. Sammis, 25 Misc. Rep. 6, 53 N. Y. Supp. 825; Meurer v. Brinkman, 25 Misc. Rep. 12, 53 N. Y. Supp. 770; Laurie v. Duer, 30 Misc. Rep. 154, 61 N. Y. Supp. 930. After this fashion this answer goes on to dispose of the complaint; and then it sets out at much length the history and chain of the defendants' title; whereas it should be nothing but a denial of each and every allegation of the complaint, "excepting," etc., or else consist of specific denials of things alleged; and everything not so denied would stand as admitted. Then comes the so-called "reply." Of course it was not a case calling for a reply. But the so-called "reply" is even longer than the complaint or the answer, being nine pages of typewriting. It is another jumble of admissions, denials and statements of evidence. In view of the fact that the plaintiff is the first offender in these loose and unscientific pleadings, I strike out the reply only for the sake of the trial judge; and I think that for his sake the complaint and answer should also be superseded by scientific pleadings. Then he will know at a glance what the action is for and what the issue is, and will find out the facts by listening to the evidence.

The motion is granted.