(32 Misc. Rep. 45.)

### PIGOT v. McKEEVER et al.

(Supreme Court, Special Term, Kings County. June, 1900.)

FRIVOLOUS PLEADING—NEGATIVE PREGNANT.

Where a counterclaim is interposed, alleging that plaintiff violated the terms of the agreement set forth in his complaint, and "on or about the 10th day of April abandoned work under it," etc., and that "it was necessary for defendants to complete the work themselves, at a cost of $239.32,"

etc., a reply thereto denying the allegations in the words of the counterclaim is a negative pregnant; and, since it puts nothing in issue, defendant's motion for judgment on the pleadings should have been sustained.

Action by James H. Pigot against Edward J. McKeever and others. Motion for judgment on a reply to a counterclaim as frivolous. Granted.

Motion for judgment on a reply to a counterclaim as frivolous. The reply to the counterclaim is in the very words of the counterclaim, that the plaintiff "denies the allegations therein contained in the following terms: 'That on or about the 1st day of April, 1899, it was necessary for the defendants to put men to work under the contract set forth under plaintiff's first cause of action; that the plaintiff violated and made a breach of the terms of said agreement set forth in his first cause of action, and on or about the 10th day of April, 1899, completely abandoned the work under said agreement; that defendants requested the plaintiff to complete his work under said contract, set forth in his first cause of action, but that plaintiff refused and failed to do so; that it was necessary for the defendants themselves to complete the work and they did so, and that the reasonable value for the completion of such work amounted to two hundred, thirty-nine and $32/100$ ($239.32) dollars, and that the defendants actually expended this amount for the completion of the work.' "

Neu & Gilchrist, for plaintiff.
Henry P. Keith, for defendants.

GAYNOR, J. This is a frivolous pleading. Though purporting to be a negative of the allegations of the counterclaim, it is a negative pregnant with their substantial truth. A denial in hæc verba of the matter to be denied, with its allegations of "on or about," and its conjunctives, disjunctives, adjectives, and so on, is consistent with the substantial truth of the matter purporting to be denied. It is no denial. Kelly v. Sammis, 25 Misc. Rep. 6, 53 N. Y. Supp. 825; Stuber v. McEntee, 142 N. Y. 206, 36 N. E. 878. And yet this way of denial in hæc verba has grown to be quite common. It seems to have been started by a misunderstanding of the meaning of the learned judge writing in Baylis v. Stimson, 110 N. Y. 621, 17 N. E. 144. But there was no intention there of introducing such a vicious practice. The learned judge was there animadverting against denials by folios, i. e. from such a line in such a folio to another line in another folio, which made it difficult on the original pleadings to find out what was denied, and impossible on the printed record on appeal for the reason that the original folioing was not there preserved. The denial here should have been simply of "each and every allegation in the counterclaim contained." And that is the form for a denial of the allegations of a complaint, with the addition "excepting," etc., or, varying to suit the case, if the allegations excepted be more numerous than those denied, by denying each and every allegation in certain numbered subdivisions of the complaint contained, saying nothing of things not denied. This is the proper and scientific way of pleading, and enables a trial judge to ascertain at a glance what is in issue. Flack v. O'Brien, 19 Misc. Rep. 399, 43 N. Y. Supp. 854; Mitnacht v. Hawthorne, 31 Misc. Rep. 378, 64 N. Y. Supp. 493, and cases there cited.

The motion is granted, with $10 costs.