such death the person or persons who are to take the future estate are uncertain, and therefore it seems to me that the defendants' counsel is right in his contention that the vesting of the estate was contingent upon the survivorship by the child, or her issue, of the testator's wife. See Clark v. Cammann, 14 App. Div. 127, 43 N. Y. Supp. 575; Id., 160 N. Y. 315, 54 N. E. 709. See, also, Camp v. Cronkright, 59 Hun, 488, 13 N. Y. Supp. 307; Flanagan v. Staples, 28 App. Div. 319, 51 N. Y. Supp. 10. If there is anything in the case of In re Crane, 36 App. Div. 468, 55 N. Y. Supp. 822, cited by the plaintiff, which is in conflict with the case of Clark v. Cammann, inasmuch as the affirmance of that case in the court of appeals occurred after In re Crane was decided, I must follow the later case, as containing the latest expression of the views of the court of appeals upon the subject. I am also of the opinion that it was clearly the intention of the testator that only his children and their issue should take any portion of his estate under his will. In Re James, 146 N. Y. 78–100, 40 N. E. 876, 880, before referred to, Mr. Justice Gray, in delivering the opinion of the court, says:

"But all the cases that I have seen recognize that the rule of intention must always override established rules of construction. It is only where the instrument fails to express or to disclose an intention that we must resort to the rules which have been established by the decisions of the courts."

I think it is irresistibly inferable from the will before me in this case that the testator did not intend to die intestate as to any of his property, nor that, if either of his children, or the issue of any child, should die before the period of distribution arrived, to wit, the death of the testator's widow, any portion of that estate should go to and be divided among strangers, which would be the result in case the claim of the father of the infant child of Harriet Van Riper, as the heir at law of such child, to an interest in the testator's property, is sustained. For these reasons, there must be judgment for the dismissal of the complaint upon the merits, with costs.

Complaint dismissed, with costs.

---

(34 Misc. Rep. 49.)

STATEN ISLAND MIDLAND R. CO. v. HINCHCLIFFE.

(Supreme Court, Special Term, Kings County. February, 1901.)

1. PLEADING—ANSWER.
   Since material allegations in a complaint stand admitted unless denied, formal admissions are superfluous.

2. SAME—DEFENCES—DENIALS—IRRELEVANT MATTER.
   Denials pleaded in the defences in an answer are irrelevant and immaterial, and will be struck out on plaintiff's motion, whether he intends to demur to such defences or not.

Action by the Staten Island Midland Railroad Company against James C. Hinchcliffe. Motion to strike out denials pleaded in defences, as irrelevant. Granted.

Harcourt Bull, for the motion.
John Widdecombe, opposed.

GAYNOR, J.   The answer here is strung out to the length of 15 pages when it could easily be contained in 2.   It is one of those unscientific bungles which are a perplexity and trial to trial judges, and a reproach to a learned bar.   It is obvious that the learned counsel who argued this motion for the defendant did not draw it.   Instead of plainly stating the denials and "defences," so as to show the issues at a glance, it seems intended to make it as difficult as possible to find out what the issues are.   First in it come several admissions, as though the pleader feared that things not denied would not be deemed admitted; whereas every material thing in a complaint not denied by the answer stands as admitted, and formal admissions in an answer are superfluous and very often tedious and confusing.   Why they are pleaded is one of the inscrutable things in the lives of judges and lawyers.   Next comes a long string of specific denials of the allegations of different paragraphs of the complaint.   There are 22 or more of them separately numbered.   They could all be condensed into one sentence, viz., that the defendant denies each and every allegation contained in the subdivisions of the complaint numbered (for example) 1, 2, 3, and so on; or into a general denial, followed by an exception of the subdivisions or allegations not to be denied.

Then come "defences" of alleged new matter, and in each of them the said previous denials are "reiterated and repeated," as has come to be the phraseology of pleaders who draw such strange answers. The plaintiff's attorney moves under section 545 of the Code of Civil Procedure that these denials be struck out of the "defences" as irrelevant there.

A general denial of the allegations of the complaint, or a specific denial of any of them, cannot be a part of a "defence."   A denial in a "defence" is irrelevant and immaterial there.   A "defence" can consist only of "new matter" which constitutes a defence to the action if all of the material allegations of the complaint be taken as true.   "New matter" is matter which is not embraced within the issue raised or which can be raised by a denial, i. e., it is matter which cannot be proved under a denial.   A "denial" is not what is termed a "defence" in pleading and never was.   It is a confusion of ideas to call a "denial" a "defence" when using the terminology of pleading.   A denial only raises an issue on the complaint; whereas a "defence" consists of new matter which is a defence to the action even though the complaint be true.   First in an answer comes a denial or denials (if there be any), and then come "defences" (if there be any), such as a general release, payment, another action pending, that the contract sued upon is fraudulent, that the slander or libel sued for is true, and so on (Code Civ. Proc. §§ 500, 507); i. e. "affirmative defences," or "affirmative defences of new matter," as is sometimes tautologically said, as if there could be a defence not "affirmative" or not of "new matter."

A denial can have no place in a "defence."   The sufficiency of a "defence" is tested by whether the "new matter" pleaded in it constitutes a defence to the action, taking all of the allegations of the complaint to be true.   If it does not stand this test it is demurrable

for insufficiency. Code Civ. Proc. § 494. If there be anything in a "defence" which is not "new matter," it is of no weight there whatever. This all seems a matter too plain to waste words over. Cruikshank v. Publishing Co., 32 Misc. Rep. 152, 65 N. Y. Supp. 678, and cases there cited; Carter v. Bank, 33 Misc. Rep. 131, 67 N. Y. Supp. 300.

It seems surprising that an observation in the opinion of Chief Judge Andrews in Douglass v. Insurance Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, should continue to be referred to as an authority for pleading denials in "defences"; for it does not seem credible that a learned bar can be so far misled by a dictum so obviously inadvertent. Such observation was as follows:

"The allegations of the complaint not denied in the affirmative defence are for the purposes of the question now presented" (a demurrer to the defence for insufficiency) "to be deemed admitted. The affirmative defence is to be treated as a separate plea, and the defendant is not entitled to have the benefit of denials made in another part of the answer, unless repeated or incorporated by reference and made a part of the affirmative defence."

What can be meant by saying that in considering a demurrer to a defence "the defendant is not entitled to have the benefit of denials made in another part of the answer," unless they be "repeated or incorporated" in such "defence"? If denials of allegations of the complaint could be "repeated or incorporated" in a "defence," and be a material and relevant part thereof, it is obvious that the pleader could always prevent a "defence" (i. e., the new matter which alone can constitute a defence) from being demurred to for insufficiency by incorporating such denials therein. Such denials cannot now and never could be a "defence" or part of a "defence." Suffice it to say that what our Code of Civil Procedure calls a "defence" in pleading, can, by the express words of the Code, consist only of "new matter" (section 500), i. e., new matter which, assuming the complaint to be true, constitutes a defence to it; from which it is obvious that a denial or denials of allegations of the complaint can be no part of a "defence." If denials could be a material and relevant part thereof, a "defence" would no longer be a "defence," and demurrable for insufficiency. And our Code introduced nothing new in this respect. It was always so, that a defence had to consist of new matter which would defeat the action, assuming that the cause of action alleged could be made out.

These denials in the "defences" in this answer being irrelevant and immaterial there, should they be struck out? Section 545 of the Code of Civil Procedure permits "irrelevant" matter to be struck out of a pleading "upon the motion of the person aggrieved thereby." Is the plaintiff "aggrieved" by such irrelevant matter? Its learned counsel says yes, for the reason that he wishes to demur to such "defences" for insufficiency, and he finds decisions to the effect that the demurrer will have to be overruled if such denials be allowed to remain there. I own to surprise that there are such decisions, because if there be anything known among us it is that issue joined on a pleading does not raise issue upon irrelevant and immaterial matter in such pleading, but only upon the relevant and

material allegations thereof.   This is a rule of pleading so ancient and familiar that authority ought not to be cited for it.   1 Chit. Pl. 640;  Newman v. Otto, 4 Sandf. 668;  Fry v. Bennett, 5 Sandf. 54; Harlow v. Hamilton, 6 How. Prac. 475;  Oechs v. Cook, 3 Duer, 161; Linton v. Fireworks Co., 124 N. Y. 533, 27 N. E. 406.   No experienced lawyer ever questions it.   An answer, demurrer or reply raises an issue only upon the material and relevant allegations of the plea or pleading upon which it joins issue.

The cases which the learned counsel cites, and about which he is apprehensive, hold that such a denial will be struck out on motion because it is irrelevant matter there;  but they strangely give as the reason for striking it out that it "aggrieves" the plaintiff within the meaning of the said section 545, for the reason that if he demurred to the "defence" for "insufficiency" while such matter was in it, the demurrer would have to be overruled for the reason that such matter would alone make the defence "sufficient."   Fletcher v. Jones, 64 Hun, 274, 19 N. Y. Supp. 47;  South Dakota v. McChesney, 87 Hun, 293, 34 N. Y. Supp. 362;  Stieffel v. Tolhurst, 55 App. Div. 532, 67 N. Y. Supp. 274;  and see Wintringham v. Whitney, 1 App. Div. 219, 37 N. Y. Supp. 188.   I am not able to understand this at all.   How can immaterial and irrelevant matter (i. e., matter which counts for naught, does not enter into the issue at all) make an "insufficient" plea or pleading "sufficient"?   A learned bar may well say that subject to correction they refuse as yet to accept such a proposition (or, rather, such a non sequitur).   Pleading is called a science, and there is some point at which they must draw the line.   In the first of the cases cited the demurrer was actually overruled because of such a denial in the "defence," with a suggestion from the court that the way was to have it struck out before demurring.   But this decision was by a divided and inharmonious court, and it does not seem that it can be considered of any authority, let alone of sufficient authority to introduce such an inconsistent rule of pleading, with the great weight of reason, scientific practice and authority against it.   It would be as reasonable for some learned court to admonish a learned bar that unless before answering a complaint containing an immaterial and irrelevant allegation, or demurring to it, such matter should be struck out on motion, or else issue would be held to be joined thereon.

Though I take it to be a thing beyond doubt that a demurrer to these "defences" for insufficiency would raise no issue on these denials therein, any more than on any other immaterial and irrelevant matter therein, nevertheless I think the plaintiff is aggrieved by them within the meaning of the said Code section.   They are immaterial and irrelevant there, and therefore improperly there, and they tend to obscurity and confusion, and should be struck out regardless of whether the plaintiff intends to demur.   Lax pleading has been much encouraged by an expression repeated from the bench, that "ordinarily a party will be permitted to draft his pleadings to suit himself."   Have not the other party and the court and the community strong reasons for not acquiescing in so broad and loose a proposition?   The departure from necessary rules of pleading in

this state has multiplied petty and vexatious disputes, motions and appeals about pleading beyond anything ever before known, and put litigants to a vast useless expense; and all this under a "reformed" and "simplified" system of pleading.

The motion is granted with $10 costs.