FARRINGTON v. MUCHMORE.

(Supreme Court, Special Term, Kings County. March, 1901.)

1. PLEADING—SEPARATING. CAUSES—MOTION.
   Where, in an action on 17 notes and for money loaned, against the administratrix of the maker, the complaint alleged 17 separate causes of action, one on each note, alleging the maker's acknowledgment of the debts and renewed promise to pay them, a motion that the last cause of action be divided and stated in a separate cause for each note will not be granted.

2. SAME—IRRELEVANT AND REDUNDANT MATTER—STRIKING OUT—MOTION.
   The allegation, in each cause of action, of the renewed acknowledgments by the maker that he owed the notes, and promise to pay them, will be stricken out as irrelevant and redundant on motion, under Code Civ. Proc. § 545, providing that such matter may be stricken out on motion of the party aggrieved thereby.

Action by Gilson F. Farrington against Alice B. Muchmore, as administratrix, etc. Motion to strike out parts of the complaint as irrelevant and redundant. Granted.

Rounds & Dillingham, for plaintiff.
Evarts L. Prentiss, for defendant.

GAYNOR, J. This so-called complaint indicates a great degeneration in our learned profession. It belongs to that class of complaints which are a perplexity, vexation and nuisance to courts, and especially to trial judges, and a humiliation to scientific lawyers. It contains 20 alleged separate causes of action and 45 subdivisions. It takes

about a half an hour to read it understandingly. It seems to have been purposely drawn to make it difficult, if not impossible, for the trial judge to find out without suspending court what the plaintiff wants or what his suit is for. It is not to be wondered at that the defendant wants it made definite and certain and intelligible. But so complex, redundant and absurd is it that the defendant's motion is necessarily rather difficult also. It is hard work to try to do anything with such a pleading.

And yet the plaintiff's cause of action is simple and could be stated in a few words. The plaintiff sold and delivered to the defendant's decedent merchandize of the value of about $14,000, in part payment for which he made and delivered to the plaintiff his 22 promissory notes of the same date for $590.91 each, excepting two which were for $217.11 each; all of which except one are unpaid. That is all, except a loan of $500. The rest is verbiage for the mere love of verbiage.

The complaint after alleging this sale and giving of notes for a first cause of action, alleges further that the plaintiff is willing to deliver up such notes on the trial, and that the deceased at divers times after the said notes came due, acknowledged he owed them and renewed his promise to pay them. This latter seems to be pleaded under the incredible delusion that the plaintiff must anticipate that the defendant will plead the statute of limitations, and therefore disclose evidence or say something in his complaint to show that such a plea would be useless. The object may be to frighten the defendant into not interposing such a plea. It is impossible to see the end if such folly in pleading is to continue to grow and extend from New York county where it originated over the rest of the state. A learned reporter's note is cited to justify it, but we all know that it is not scientific or proper pleading.

Then come 17 separate causes of action, each being upon one of the said notes (except in the case of two of them on which a judgment was obtained in another state), and alleging also the said acknowledgments and renewed promise to pay.

Next comes a cause of action for $500 loaned; and lastly in a separate cause (the twentieth) the giving of all of the notes, and the renewal of the promise to pay them, is alleged over again.

Each cause of action is introduced with the formal words, "for a second, separate and distinct cause of action," or "for a third, separate and distinct cause of action," and so on; as though "for a second cause of action," and so on, would not suffice. No word which could add to the prolixity and obscurity of the complaint seems to have been omitted.

The first thing asked for in the notice of motion is that the last alleged cause of action be divided and stated in a separate cause for each note. It would seem that this request is intended to be humorous. Surely, the defendant does not want to make the complaint twice as long as it is. There is already a previous separate cause of action alleged on each note, as we have seen. Paper and ink enough have been wasted in the complaint, and this branch of the motion must be denied. It ought to have been to strike out the alleged

twentieth cause as redundant, and indeed all of the others except the first and the one for the loan.

The next thing asked for is to strike out as irrelevant and redundant the allegation in each cause of action of the renewed acknowledgments by the decedent that he owed the notes and promise to pay them. This is granted.

May the court venture to ask for the sake of the trial judge that an amended complaint be served omitting everything except the first cause of action of the present complaint and the one for the loan. They contain everything, i. e., that the plaintiff sold and delivered goods to the decedent for which he gave the notes; and that $500 was loaned. If the notes which went to judgment in another state need to be omitted from the first cause, and the judgment sued upon, then that will make another cause. If the defendant pleads the statute of limitations, the plaintiff can defeat such plea by evidence of a new promise. It does not need to be pleaded. But of course when the learned reporter of our court of appeals is permitted to introduce a headnote to a learned opinion,—Stokes v. Polley, 164 N. Y. 266 (s. c. 58 N. E. 133),—with the words, "Evidence—When Admissible though not Pleaded," it is to be expected that the good rule that evidence is never to be pleaded must grow dubious in the minds of some. We seem to be in an era of legal practice, writing and reporting when every landmark is becoming confused, and legal nomenclature and terminology is in disuse.

It is acknowledged that some of the matter to be struck out is irrelevant and redundant, but it is said that the defendant is not "aggrieved" by it within section 545 of the Code of Civil Procedure. Much has been said on this subject, but very little of it is authoritative. The opposite party is always aggrieved by such a pleading. It tends to confusion and trouble, and that aggrieves. Cruikshank v. Publishing Co., 32 Misc. Rep. 152, 65 N. Y. Supp. 678; Railroad Co. v. Hinchcliffe (Sup.) 68 N. Y. Supp. 556.

Motion granted except as aforesaid.