(36 Misc. Rep. 396.)

## CODDINGTON v. UNION TRUST CO. et al.

(Supreme Court, Special Term, New York County. November, 1901.)

1. PLEADING—ANSWER—IRRELEVANT MATTER.

Where the answer denies allegations of a petition, and sets up irrelevant matter, but not as a defense, the remedy of plaintiff is not demurrer for insufficiency, but motion to strike out.

2. SAME—DEFECT OF PARTIES.

Where defendant, as a separate defense, repeats the allegations of the answer, and alleges a defect of parties defendant, and such parties are proper, if not necessary, parties, a demurrer to the answer will be overruled.

8. SAME—NEW MATTER IN ANSWER.

Where new matter is pleaded in an answer which is clearly intended as a defense, and there is no denial, a demurrer for insufficiency will be sustained where the new matter constitutes no defense.

Action by Julia Coddington, executrix, against the Union Trust Company and others. Demurrer to certain defenses in defendants' answers. Overruled.

Strong & Cadwalader, for plaintiff.

Peckham, Miller & King, for defendants.

McADAM, J.  The alleged cause of action is the refusal of the defendant trust company to pay over to plaintiff securities, cash, and other property claimed as a vested remainder in the estate of Augustus Schell, deceased.  The other defendants are joined because, in her prayer for relief, the plaintiff asks that the amount due said defendants by plaintiff's testator may be ascertained and declared to be a lien on the property claimed by the plaintiff.

Two answers are interposed, and the plaintiff demurs to alleged defenses contained in each.  The trust company's answer submits to the court the question whether plaintiff's testator took a vested remainder in the estate of Augustus Schell, deceased, or a remainder in said estate contingent on his surviving the life tenant, Robert Schell; if the latter, the legacy lapsed by the death of the plaintiff's testator before the life tenant; and said answer denies that said defendant ever proceeded to divide the property of the estate of Augustus Schell, deceased; states what the defendant actually did in the premises, and that it holds the property in question to abide the adjudication of the court as to who is entitled thereto; and denies that the plaintiff is entitled to the property claimed in the action.  In the aforesaid allegations the word "defense" is not used.  Nevertheless (presumably because some or all of the allegations are referred to as a defense in a subsequent defense) the plaintiff designates them as a first defense, and demurs thereto on the ground of insufficiency.

It is impossible to reconcile the pleading with our present Code system.  The new matter is in no sense a defense to the alleged cause of action.  Railroad Co. v. Hinchcliffe, 34 Misc. Rep. 49, 68 N. Y. Supp. 556.  To sustain the demurrer, however, would strike out denials which, in form at least, are not intended or pleaded as part of a defense.  The matter is clearly irrelevant; but it cannot be reached by demurrer in this instance, and the plaintiff's remedy is by motion.  Ludington v. Slauson, 6 Jones & S. 81.  If it be said that the denials are directed to conclusions of law, the answer is that the plaintiff bases her alleged cause of action mainly, if not entirely, on conclusions of law, and not facts, and the defendant would have been warranted in raising the question of the insufficiency of the complaint in opposition to the demurrers.  In any event, the denials are addressed to the averments of the complaint upon which the plaintiff's claim is based, and, under the circumstances, should not be considered as having been attempted to be pleaded as part of a defense.  The demurrer to the so-called "first defense" is therefore overruled.

As "a separate and further defense," the defendant trust company repeats the allegations of the answer before referred to, and alleges a defect of parties defendant, giving the names of those persons who said defendant contends should be made defendants.  The parties named in the said plea are certain beneficiaries under the will of Augustus Schell, deceased, and seem to be necessary parties to the controversy, some of them being infants.  The plea is well taken and sufficiently definite, and the demurrer must be overruled.

As to the answer of the codefendants, Edward H. Schell, Mary E. Schell, and Joseph Bird, as executors of Edward Schell, and the demurrers thereto: This answer also submits to the court the question whether the plaintiff's testator took a vested or contingent remainder, and whether the plaintiff became entitled to the property sued for, and states the disposition made of the property by the defendant trust company to abide the result of the action. There is no denial, and, although the word "defense" is not used, the allegations are intended as such, and, indeed, under the Code, could be considered as nothing else. Said new matter in no sense constitutes a defense to the alleged cause of action, and the demurrer must be sustained, with leave to answer over on the usual terms.

The remainder of the answer of said defendant Schell and others is a plea of defect of parties defendant, in substantially the same form as the plea of nonjoinder made by the defendant trust company. For the reasons stated in connection with said plea of the trust company, the demurrer to this defense must be overruled.

Ordered accordingly.