## HUTCHINSON v. BIEN et al.*

### (Supreme Court, Special Term, Kings County. February, 1905.)

**1. ANSWER—DENIAL—SUFFICIENCY—CODE.**

In an action to recover for goods alleged in the complaint to have been sold to the defendant at various times between the dates mentioned, an answer denying the allegations of the complaint "as alleged" therein is insufficient under Code Civ. Proc. § 500, providing that an answer must contain a general or specific denial of each material allegation of the complaint controverted by defendant, or of any knowledge or information thereof sufficient to form a belief.

**2. SAME—NEGATIVE PREGNANT—FRIVOLITY—EFFECT.**

A denial of the allegations of the complaint "as alleged" therein is a negative pregnant, and hence plaintiff is entitled to judgment on an answer containing such denial on the ground of frivolity of the answer.

**3. COMPLAINT AGAINST RECEIVER—AVERMENTS—MATERIALITY—ISSUE.**

In an action to recover for goods alleged to have been sold to a receiver, averments of the complaint that, though defendant has repeatedly promised to pay, he has neglected so to do, and the sum sued for is due, and

---

* For opinion in Appellate Division, Second Department, see 93 N. Y. Supp. 210.

no part has been paid, and that the plaintiff, on his application to the court, has been duly granted the privilege and right to commence the action, are immaterial, and hence no issue can be raised on them.

Action by David W. Hutchinson against Franklin Bien, receiver, and others. On motion for judgment on an answer as frivolous. Motion granted.

The three subdivisions of the complaint which the answer purports to deny are as follows:

"(2) That said defendant as such receiver and in order to properly administer his trust and for the benefit of said business, property and estate and the credit of said firm, duly purchased from this plaintiff at various times between January 3rd, 1900, and January 14th, 1902, goods, wares and merchandise amounting to the sum of $506.31, and that this plaintiff at the request and upon the promise and agreement of said defendant to pay for said goods, ware and merchandise amounting to said sum between said dates sold and delivered the same to said defendant.

"(3) That though said defendant has repeatedly promised to pay this plaintiff said sum, he has neglected so to do, and said sum is now due and owing plaintiff from said defendant, and no part thereof has been paid.

"(4) That this plaintiff upon his application to this Court, has been duly granted the privilege and right to commence this action against said defendant."

The defendant "denies the allegations as alleged in paragraphs 2, 3 and 4 of the complaint herein."

David K. Case, for plaintiff.
Josiah Canter, for defendants.

GAYNOR, J. The denial is frivolous. It is a negative pregnant. It does not deny each allegation of the designated paragraphs as required by the Code (section 500), but only denies the allegations in gross "as alleged" therein. Now a denial of them "as alleged" therein does not deny their substance, and that is the only denial which satisfies the Code requirement. Paragraph 2 alleges that the purchases were "at various times" between certain specified dates, but if all at one time the complaint is good. Hence a restriction of the denial to the precise words and form of the complaint is not good. Such a denial is pregnant with the truth that the goods were purchased. Kelly v. Sammis, 25 Misc. Rep. 6, 53 N. Y. Supp. 825; Laurie v. Duer, 30 Misc. Rep. 154, 61 N. Y. Supp. 930; Pigot v. McKeever, 32 Misc. Rep. 45, 65 N. Y. Supp. 380. Similar instances in this same paragraph could be pointed out. The answer is evasive.

The allegations of paragraph 3 are not material; and also those of paragraph 4 (Hirshfeld v. Kalischer, 81 Hun, 606, 30 N. Y. Supp. 1027); and hence no issue can be raised on them.

The motion is granted.