FRANCIS MANDLEBAUM, Appellant, v. J. C. RUS-
SELL AND A. M. CROW, Respondents.

Pleading—Demurrer instead of Plea in Abatement. .In a suit for damages
occasioned by floating timber down a river, a defense that the action should
not be maintained for the reason that defendants were authorized to float such
timber by a general law of the State, which provided that all damages occa-
sioned thereby should be determined by appraisers to be appointed, and that
no such appraisers had been appointed or applied for, should be taken by de-
murrer, and not in the way of a plea in abatement.

Answer instead of Plea in Abatement. A defense on the ground of a de-
fect of parties defendant should be made by answer, and not in the way of a
plea in abatement.

Action for Negligence in Floating Timber on River. Where a law author-
izes certain parties to float timber down a river with provisions for the exer-
cise of due care for the protection of property along the banks of the stream,
and providing that any damage occasioned by parties using the same should
be appraised by three appraisers, etc.: Held, that the law only contemplated
such appraisement for such injuries as were the natural and necessary conse-
quences of the floating of timber in the river; but that an action, as in other
cases of trespass, would lie for all damages, which were the result of care-
lessness or negligence.

Construction of Act for Rafting Timber on Rivers. The Act regulating
the rafting and running of timber and wood on the rivers of the State (Statutes
of 1866, 198) does not sanction a careless or negligent exercise of the privilege
conferred by it, such as would occasion a flooding of agricultural lands on
the banks of the stream.

Damages by Rafting Timber without Negligence. In a proceeding by ap-
praisement for damages naturally and necessarily resulting from the acts au-
thorized by the Act regulating the rafting and running of timber and wood on
the rivers of the State (Statutes of 1866, 198) it is unnecessary to show care-
lessness or negligence.

Non-joinder of Defendants in Actions ex delicto. It is unnecessary to
join as defendants in an action for damages for trespass all persons who unite
in committing it; all or any may be sued.

Appraisement of Damages by Rafting Timber Constitutional. The Act reg-
ulating the rafting and running of timber and wood on the rivers of the State
· (Statutes of 1866, 198) is not unconstitutional on account of providing a spe-
cial mode, by appraisement, of recovering damages for injuries and thereby
depriving the injured party of a trial by jury.

Appeal from the District Court of the Second Judicial District,
Ormsby County.

The lands of the plaintiff, alleged to have been injured by the
acts of the defendants, lie in Douglas County upon the banks of

the Carson River, and consist of the east half of section twenty-six and the west half of section twenty-five in township thirteen north, in range nineteen east, of Monte Diablo. They are agricultural lands and especially adapted to hay raising and pasture purposes. The damages sued for are alleged to have been occasioned in the summer of 1867.

The particular facts and allegations upon which the points decided were based are stated in the opinion.

*George A. Nourse,* for Appellant.

## I.

1. The first affirmative defense, (that damages had not been assessed) might better have been taken by demurrer; for if there be no right of action in such case without appointment of appraisers and appraisement of damages as required in the Act cited, it would be fatal to the complaint that it alleges nothing of the sort.

2. The statute in question cannot deprive plaintiff of his right of action, with or without an appraisement of damages. If held to limit plaintiff's right to recover to the amount appraised as the actual damage, it would be in effect substituting three appraisers for the jury by whom he has a right to have his damages assessed. (Constitution, Art. 1, Sect. 8.) The cases decided in reference to the right of *eminent domain* by a State are not at all applicable to a case like this of alleged injury by the wrongful act, the negligence and carelessness of defendants. The Courts carefully distinguish between the two classes of cases, as to the right to deprive either party of a jury trial. They say that all persons in the State hold their property subject to this right of *eminent domain;* that is, the right of the State to take any property therein for public uses upon making just compensation therefor; that such cases are between the sovereign and subject, and that the guaranty of a jury trial does not apply to such case; but that it does apply to every case of litigation between man and man. (*Beekman* v. *S. & S. R. R. Co.,* 3 Paige 45; *Livingston* v. *Mayor, etc., of N. York,* 8 Wend. 85.)

Mandlebaum v. Russell and Crow.

3. The fact that any person may lawfully drive lumber down the Carson River has no bearing in this case. Every man has a right to drive his team along the public highway; yet if he drive his team so carelessly and negligently that he runs it against another's carriage and breaks it, he is liable in damages. The gist of this action is not that defendants drove their lumber down Carson River and so injured plaintiff; but that they so *negligently* and *carelessly* drove their lumber down the river, that jams were formed, the banks of the river overflowed, and plaintiff's land and crops injured.

## II.

The second affirmative defense consists of an allegation that the defendants committed the acts charged (if at all) *jointly with others*, who thus should have been joined as defendants, but were not.

1. This would have been good as a plea in abatement under the old practice, or as a demurrer by answer under our code, had this been an action *ex contractu;* but it is an action *ex delicto:* founded upon a *tort.* The only cause of action stated is the fault, the wrong, the carelessness, and negligence of defendants; not any breach of agreement. (2 Bouv. Law Dict. 590, word "Tort;" Ib. 669, word "Wrong;" 1 Bouv. Law Dict. 694, word "Injury;" 1 Hilliard on Torts, Chap 1, Sec. 1.)

2. The action being founded upon *tort*, the plaintiff may sue any one, or any number of the joint *tort feasors*, at his pleasure; just as a man who is assaulted and beaten by half a dozen men, may sue any one or more of them. (1 Hilliard on Torts, Chap. 1, Sec. 2; *Wies and Wife* v. *Fanning*; 9 How. Pr. 546.)

## III.

Our system of pleading is radically different from that at common law, inasmuch as all defenses of whatever nature are to be pleaded by demurrer or answer. (Practice Act, 49; *Gardner* v. *Clark*, 21 N. Y. 399; *Sweet* v. *Tuttle*, 4. Kern. 465; *Mayhew* v. *Robinson*, 10 How. Pr. 162; *Bridge* v. *Payson*, 5 Sandf. 210.)

But if it should be held that Section 38 of the Practice Act, as amended in 1864, (Statutes of 1864, 74) provides for "a plea in

bar, or abatement to the action," separate and distinct from the answer, which is also named as one of the defendant's pleadings, even then the defenses specially set up in this case do not come within its purview; for they are included in and form part of the answer. Neither can, under these circumstances, be called a separate pleading, merely because called a " plea in abatement " by the pleader. To make it a plea in abatement, it would have to be pleaded separately, as a dilatory plea. By pleading to the merits " in *bar* " the defendant would, as always at common law, be held to waive the dilatory plea. These two defenses, dilatory in their nature, can therefore have no place in the case, except as being separate defenses, forming part of the answer; and it would necessarily follow that *all* the defenses in the answer must be tried at once, and not the dilatory pleas alone as in this case. (2 Whittaker's Pr. 403; *Griffin* v. *Cranston,* 5 Bosw. 658.)

*Robert M. Clarke,* for Respondents.

By the Court, LEWIS, J.

This action is brought to recover the sum of nine thousand dollars, in which amount the plaintiff alleges he has been damaged by reason of the careless and negligent driving of logs, lumber, and wood down the Carson River, by the defendants. It appears from the complaint that the plaintiff is the owner of a farm in the county of Douglas, through which the river flows; that in the summer of the year 1867 the defendants were engaged in driving or floating timber and wood down the stream, and that whilst thus engaged it is charged that they " so carelessly and negligently conducted said business of floating and running said logs, wood, and other lumber down the said river, above, below, and through the plaintiffs land," that jams were formed which obstructed the flow of water, occasioned it to rise to a great height, so that the plaintiff's land was overflowed, and large quantities of chips, bark, mud, sand, and other sediment were deposited thereon, whereby the land was greatly injured and depreciated in value. It is also alleged that in consequence of such overflowing the plaintiff's crops, which were then growing, were entirely destroyed.

It is further alleged that by reason of such careless and negligent

driving of such wood, timber, and lumber, a certain channel of the river was filled up, so that the water which flowed through it, and which had been used by the plaintiff for the purpose of irrigation, was diverted therefrom entirely, thereby damaging him in the sum of one thousand dollars.

The defendants filed an answer to this complaint in which, before pleading to the merits, it is alleged: "That the plaintiff ought not to further prosecute his action against these defendants, because the Carson River mentioned in the complaint is a stream of water within the State of Nevada, and the defendants are and were at the time of the alleged commission of the grievances complained of a copartnership, formed for the purpose of running, driving, booming and rafting logs, lumber, timber, and wood in the said stream, within said State, under an Act of the Legislature of Nevada, approved March 3d, A.D. 1866.   That under and by virtue of the provisions of said Act, any damage done to the plaintiff by reason of floating logs, timber, and wood, in Carson River, should be appraised by three appraisers, as provided by the law, 'which damage so appraised and determined is by said Act made final and binding upon the parties; that until such appraisement no action can be maintained against defendants.'"   This part of the answer then concludes in this manner: "The defendants aver that the plaintiff did not appoint an appraiser under said Act or otherwise, and that no appraisers were appointed or appraisement made under such Act or otherwise, and this the defendants aver in abatement of said action."

The second defense or plea is, that other persons who are named in the answer were connected with the defendants in the doing of the acts complained of by plaintiff, in consequence of which it is claimed the action should abate, or should not proceed until they are made defendant.   The Court below went into a trial upon the defenses thus set up in the answer, and deciding in favor of the defendants, refused to try the cause upon the merits, but dismissed the complaint, and rendered judgment against the plaintiff. . The first of these defenses would more properly have been the subject of demurrer; the second, if there were in fact a defect of parties, would properly be pleaded in the answer, for where the defect of

parties does not appear in the complaint the fact may be pleaded in the answer. (Practice Act, Sect. 44.)

Without saying anything as to the rather irregular manner in which the case was disposed of in the Court below, we will turn at once to a consideration of the merits of the ground upon which the judgment was rendered.

It is claimed on behalf of the defendants that the law referred to in the answer authorized the doing of the acts by them which occasioned the damage complained of by the plaintiff, and that as the law itself has prescribed the manner in which damage in such cases shall be ascertained and recovered, no right of action accrues until such remedy is first sought. The assumption that this action is brought to recover damage for an act authorized by law was the foundation of the errors committed by the Court below, and constitutes the salient point in the argument of counsel for the respondents. The law referred to in the answer, after having authorized persons complying with certain requirements to run and drive logs, timber, lumber, and wood on any of the streams of water within the State, further authorizes them " to make and construct all proper and necessary rollways, booms, piers, and other constructions along the stream of water for running, driving, booming, or securing said logs, timber, lumber, and wood, *provided* that no such rollway, boom, or pier, or other construction, shall interrupt or hinder the free use and navigation upon such streams or waters ; *and provided further*, that nothing contained in this Act shall authorize any corporation formed under the same to injure, or in anywise interfere with any dams, ditches, or flumes that are constructed, or may be hereafter constructed, for milling or farming purposes ; *provided*, that all dams hereafter constructed shall, whenever the same is required by any corporation hereafter formed under this Act, provide suitable and necessary chutes and aprons for the purpose of passing over, or through said dams, logs, or other timbers ; *and provided further*, that the rights of those owning lands upon such streams and rivers shall not be interfered with or infringed upon." And it is afterwards declared in the same section that "Any damages to ranches, bridges, dams, or other property on any river or stream, by the parties using the same in floating logs or timber or otherwise,

shall be appraised by three appraisers; one to be chosen by the party injured, one by the superintendent of the corporation or other party complained of, the other by the two so chosen. The decision of the said appraisers shall be final and binding on both parties, and the damage so determined shall be promptly paid; and if the damages so appraised are not paid within one month after the same are appraised, then the party liable shall be liable in double the amount of damages so appraised, and the Court shall give judgment in case of suit for such double damages."

Had the injury complained of by the plaintiff been the natural or necessary consequence of the floating of timber or wood down the river, and not the result of carelessness or negligence on the part of the defendants, undoubtedly the remedy prescribed by the statute would have to be pursued. The remedy prescribed by the law, however, is simply for damages necessarily or naturally resulting from the exercise of the right given to the defendants. The law does not sanction or authorize a careless or negligent exercise of the privileges conferred by it, but as in the exercise of all rights the defendants were bound to employ a reasonable degree of caution to avoid injury to others. Every act of the defendants which was not authorized by the law either expressly or by necessary implication, and which resulted in injury to the plaintiff's property, was as much a trespass as if there had been no statute whatever on the subject. It must be admitted that the injury complained of would clearly be a trespass if there were no law to sanction it; but no authority can be found in the Act referred to authorizing the defendants to flood the plaintiff's land when such flooding does not naturally or necessarily result from the exercise of the right to float timber and wood in the stream. When such overflowing is the natural result of the acts expressly authorized by the law, the presumption is that it was also authorized to the extent that it could not be treated as a trespass. If, however, the overflowing of the land was not the natural or necessary consequence of the running of lumber or wood in the river, (which is the only right expressly given to the defendants) but is the result of wanton carelessness, there is no law whatever authorizing it, and it then becomes a *mere* naked trespass.

Suppose, for example, the plaintiff's land was deliberately over-

flowed from mere wantonness by the defendants, can it be said that they would not be amenable to an action of trespass? Certainly not, for it will not be contended for a moment that the law authorized any such act; but does it give him any more protection who does the same thing from carelessness or negligence?

It will be observed in all the cases referred to by counsel for respondents that the damage was the probable or necessary result of the acts authorized by the law. In such cases trespass could not be maintained, because it is presumed that the law sanctions the immediate act occasioning the damage. Not so here, however. The foundation of the plaintiff's action is the negligence of the defendants in the exercise of the right given them by the law. Without establishing such negligence and carelessness he cannot recover, whilst if he brought his action under the statute, it would not be necessary for him to prove either. The simple proving of damage, although resulting inevitably from the acts authorized, would entitle him to recover. Had the complaint not charged negligence and carelessness upon the defendants, the position taken by counsel for respondents would perhaps be correct. As it is, however, the action is founded upon acts unauthorized by the law, and therefore constituting a trespass. This being the case, the second ground taken by defendants also fails, for the rule of law is well established that all the persons engaged in a trespass need not be united as defendants. The plaintiff has the option to proceed against all or any one, where trespass is of a character capable of being committed by more than one. (Chitty on Pleadings, 87.)

It is intimated that that portion of the statute prescribing the mode of recovering damages, if an exclusive remedy, is unconstitutional because it deprives the injured party of a trial by jury. Without discussing this question at length, we will state that the constitutionality of the Act is sustained by many respectable authorities, the correctness of which we are not disposed to dispute upon the mere suggestion of counsel and without argument. (*Beekman* v. *Saratoga and Schenectady R. R. Co.*, 3 Paige Ch. R. 45; 1 N. H. 339; 11 Mass. 364; Id. 465; 8 Ohio State Rep. 590.)

The judgment below is reversed, and the Court directed to proceed with the trial on its merits.