### ISAAC H. FOLGER *vs.* FRANCIS B. WASHBURN.

Suffolk.   March 6. — 10, 1884.   DEVENS & COLBURN, JJ., absent.

In an action for malicious prosecution, evidence that the defendant, in instituting the prosecution, acted under the advice of counsel, is admissible under an answer containing a general denial only.

TORT, for malicious prosecution.   The answer contained a general denial of each and every allegation in the declaration, and set up no other defence.

At the trial in the Superior Court, before *Knowlton,* J., it appeared that the original suit, which the plaintiff alleged was instituted maliciously, and without probable cause, was a complaint charging him with giving the defendant a worthless check for $100, for a like amount lent to the plaintiff by the defendant.

The defendant offered evidence tending to show that he consulted an attorney at law of this court, and, upon his advice, made and signed the complaint.   The plaintiff objected that this evidence was inadmissible under the answer, on the ground that it was a substantive and material fact, of which the defendant could not avail himself, unless set up in the answer.   The judge overruled the objection, and admitted the evidence.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. Brown,* for the plaintiff.

*R. M. Morse, Jr.,* for the defendant, was not called upon.

BY THE COURT.   In an action for malicious prosecution, the burden is upon the plaintiff to prove that the suit or prosecution complained of was instituted maliciously, and without probable cause.   A general denial by the defendant puts in issue all the facts which it is necessary for the plaintiff to prove in order to make out a *prima facie* case.   Evidence on behalf of the defendant, that, in instituting the previous prosecution, he acted in good faith, under the advice of counsel, is competent under a general denial, because it tends to rebut the plaintiff's allegations of malice and want of probable cause.   This is not a substantive fact in avoidance of the action; it does not admit and avoid facts alleged by the plaintiff, but disproves them. *Brigham* v. *Aldrich*, 105 Mass. 212.      *Exceptions overruled.*