(37 Misc. Rep. 250.)

## PASCEKWITZ v. RICHARDS et al.

(Supreme Court, Special Term, Kings County. February, 1902.)

1. CORPORATIONS—ACTION AGAINST DIRECTORS—PLEADING.

Where an action is brought against the directors of a membership corporation, under Laws 1895, c. 559, § 11, to recover for goods sold to the corporation during their term of office, and the complaint alleges that each and every one of them was a director during the time in which the sales were made, an answer denying the allegation in hæc verba is a negative pregnant, and not a denial of the allegation of the complaint that they were directors during such period.

2. SAME—DEFENSES.

A denial of the allegations of a complaint, or of any of them, is no part of the defense, which can consist only, under Code Civ. Proc. § 500, of "new matter constituting a defense," which matter could not be given in evidence under a denial of allegations of the complaint.

3. MISJOINDER OF CAUSES.

It is not a misjoinder of causes for one who has sold supplies to a membership corporation to sue, for the amount due, more of its directors than are liable therefor.

Action by Louis Pascekwitz against Eugene Lamb Richards and others to recover for supplies sold to a club of which defendants were directors. Judgment for plaintiff.

Ira Leo Bamberger, for plaintiff.

Arthur A. Mitchell, Charles P. Howland, and W. W. Wingate, for defendants.

GAYNOR, J. The action is against the directors of a membership corporation, as authorized by section 11 of chapter 559 of the Laws of 1895, to recover for supplies sold to the corporation between May 6 and November 27, 1900.

There was no dispute on the trial as to any of the facts, except that it was claimed that some of the defendants were not directors during all of the period of time covered by the sales, but only during certain parts thereof, respectively; from which it is urged that there is a misjoinder of several different causes of action, inasmuch as each director is liable only for the goods sold while he was a director; and therefore that the defence that causes of action have been improperly united which is set up for each defendant should prevail. Code Civ. Proc. §§ 488, 498.

When we look at the complaint, however, we find that it states only one cause of action, viz., against all of the defendants for the whole amount due from the corporation, under an allegation that the defendants and each of them were directors during the whole period of time covered by the sales. If too many defendants be sued on the cause of action alleged, that would not make a misjoinder of causes of action. The case would only be this, viz., that the cause of action alleged would not be made out against some, and the complaint would have to be dismissed as to them, which is an everyday occurrence.

We have therefore only to see whether the cause of action be made out against all of the defendants, and, if not, to dismiss it in the case of those against whom it is not made out, and give judgment against the others only.

The question here is only one of pleading, for no defendant has taken issue on the allegation of the complaint that each and all of the defendants were directors during the said period. The allegation of paragraph I of the complaint covers that head, and is as follows:

"At all of the times hereinafter mentioned, defendants herein were directors, and each of them was a director of the Staten Island Cricket & Baseball Club, a domestic membership corporation duly created", etc.

Six of the defendants answer together, and each of the remaining four answers separately. All of the answers are evidently the work of the same learned pleader. They are very cunning. They are also of that curious structure and verbiage now grown to be common with some of our learned pleaders in this part of the state.

The answer of the six, which is joint and several, purports to deny the said allegation of paragraph I of the complaint, as follows:

"Deny that all the defendants herein were directors, and each of them was a director of the Staten Island Cricket & Baseball Club during the times alleged in paragraphs numbered I and II of the complaint"; para-

graph II, however, contained no allegation on that head, but only of the sale of the goods."

This denial in hæc verba is not a denial of the allegations of the complaint. It is not a prescribed or permissible form of denial. Code Civ. Proc. § 500. It is a negative pregnant, i. e., it is pregnant with the truth of the allegation of the complaint that these answering defendants were directors during the period alleged. Kelly v. Sammis, 25 Misc. Rep. 6, 53 N. Y. Supp. 825; Laurie v. Duer, 30 Misc. Rep. 154, 61 N. Y. Supp. 930. They only deny the allegation that each and all of the defendants in the action were directors; they carefully refrain from denying that they themselves were. All of the ten might not have been, each, i. e., every one of them, might not have been, and still the six thus answering together might have been.

In each of the separate answers of the four other defendants there is only the same denial in the same words on the head in question. Each denies the allegation that each and all of the defendants were directors during the period alleged; he does not deny that he was.

Each answer after getting through with this and other denials sets up an alleged "defence" of misjoinder of causes of action. Such defence starts out with a repetition, word for word, of the so-called denial quoted above. As such denial is of no effect, as has been seen, nothing additional needs to be, or would be said of it, except for the habit which has grown up of repeating "denials" in "defences", as though they could be a part thereof. Of course, as is elementary, a denial of the allegations of the complaint, or of any of them, cannot be a part of a "defence". It is irrelevant there, and will be struck out on motion, notwithstanding that no issue can be joined on it if it be left there, for it is an elementary rule of pleading which has existed from the beginning that an answer, demurrer or reply, only takes issue upon the relevant and material allegations of the pleading or plea upon which issue is joined. A "defence" can consist only of "new matter constituting a defence" (Code Civ. Proc. § 500), and it has to be "separately stated" (section 507); i. e., matter which cannot be given in evidence under a denial or denials of allegations of the complaint. If it could be given in evidence under a denial it would not be "new matter". The test of the sufficiency of every "defence" is whether, conceding all of the allegations of the complaint to be true, it will if proved defeat the action; such as a defence of a general release, of payment, that the contract sued upon was induced by fraud, that the slander or libel sued for is true, that a prior action is pending, and so on. If a denial could be a relevant part of a "defence", defences could never be demurred to for insufficiency if the pleader prudently put a denial therein. And to say as is sometimes said, that in order that the demurrer to a "defence" for insufficiency may not have to be overruled on account of a denial being in such "defence", the way to do is to have it struck out on motion as irrelevant there before demurring, is a strange non sequitur; for that it may be struck out on motion proves it to be irrelevant, and that in turn proves that if it were left alone no issue would be taken on it by the demurrer, for the joining of issue on a

pleading joins issue only on the relevant matters in it. Railroad Co. v. Hinchcliffe, 34 Misc. Rep. 49, 68 N. Y. Supp. 556; Burkert v. Bennett, 35 Misc. Rep. 318, 71 N. Y. Supp. 144.

Such "defence" in each answer next contains allegations of fact which show that only the six defendants who answer together, and one other, were directors during the whole period, and that the other three were such for only parts thereof; and this, as has been said, to make out a "defence" of misjoinder of causes of action.

But it is an elementary rule of pleading that facts alleged in a "defence" (or in any plea in bar or abatement, if any such survive in our practice), which are inconsistent with and contradictory of allegations of the complaint, cannot nevertheless supply the place of the prescribed denial of such allegations, and put them in issue. Every allegation of the complaint not formally denied as required by the Code (section 500) stands as admitted. The test of a pleaded defence is, as has been seen, whether if all the allegations of the complaint be taken as admitted, it will nevertheless defeat the action. The allegation of this complaint that all of the defendants were directors during the whole period has to be taken as admitted for lack of a denial; and against that admission all contradictory or inconsistent statements in the "defence" necessarily go for naught. Against such admitted fact alleged in the complaint they cannot stand up. A "defence" in an answer is a thing apart and of itself. It must be complete in itself, and has to be stated separately and apart (section 507), and all in it can be considered only on the single question whether it makes out a "defence" admitting the complaint to be true. Neither all nor any part of it can be considered as a substitute for denials of allegations of the complaint. This is a rule of pleading so long established and unquestioned that authority for it is not always at hand. Rodgers v. Clement, 162 N. Y. 428, 56 N. E. 901, 76 Am. St. Rep. 342.

To sum up all, the defence of misjoinder is a nullity, and there is no denial of the main allegation of the complaint.

Judgment for the plaintiff against all of the defendants.