# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

## JANUARY TERM, 1919

[Nos. 2331 and 2334]

J. B. DIXON, RESPONDENT-APPELLANT, *v.* W. E.
PRUETT, AS ADMINISTRATOR OF THE ESTATE OF
NELLIE G. McCORMICK, APPELLANT-RESPONDENT.

[177 Pac. 11]

1. APPEAL AND ERROR—TIMELY APPEAL—ESTOPPEL TO QUESTION.
    Both appeals being from the judgment as "entered," appel-
    lant is in no position to urge that the time within which an
    appeal may be taken, under Rev. Laws, 5329, begins to run
    from the date of the rendition of judgment, and his motion
    to dismiss cross-appeal, taken within six months after entry
    of judgment, will not be considered.

2. PLEADING—AFFIRMATIVE DEFENSE AMOUNTING TO DENIAL.
    In action against administrator to charge certain assets of
    estate with a claim for legal services rendered deceased,
    affirmative defenses pleaded by defendant *held* demurrable, in
    that they amounted to nothing more than special denials of
    facts incumbent upon plaintiff to prove.

3. PLEADING—SPECIAL DEFENSES—SUFFICIENCY ON DEMURRER.
    Under practice act, sec. 104, the sufficiency of a defense is
    tested by whether the new matter constitutes a defense, taking
    the complaint as true.

4. PLEADING—AFFIRMATIVE DEFENSE—"NEW MATTER."
    Under practice act, sec. 104, "new matter" constituting a
    defense means some facts which plaintiff is not bound to
    prove, and which go in avoidance or discharge.

5. PLEADING—AFFIRMATIVE DEFENSE—SUFFICIENCY.
    Under practice act, sec. 104, a defendant claiming affirma-
    tive relief must plead as fully as plaintiff.

6. PLEADING—ANSWER—SCOPE.
    It is not the office of an answer to raise an issue of law, where such issue should be determined on demurrer.

7. PLEADING—ANSWER—MATTERS APPEARING ON FACE OF COMPLAINT.
    If the illegality of a contract sued on appears on the face of the complaint counting on it, its illegality is left a live question, to be dealt with by the trial court without a formal plea showing its illegality.

8. FRAUDS, STATUTE OF—PLEADING.
    The statute of frauds may be relied upon as a defense under a general denial.

9. PLEADING—LACHES—HOW RAISED.
    Defense of laches may be raised by demurrer, where it appears on the face of the complaint.

APPEAL from Second Judicial District Court, Washoe County; *Mark R. Averill*, Judge.

Action by J. B. Dixon against W. E. Pruett, as administrator of the estate of Nellie G. McCormick, deceased. Judgment for plaintiff, and defendant appeals; plaintiff prosecuting a cross-appeal. **Judgment affirmed,** COLEMAN, J., dissenting.

*James T. Boyd* and *Ayres & Gardiner*, for Appellant:

It is the settled law of this state that the time in which to appeal runs from the date the judgment was pronounced by the court; that such pronouncement constitutes the rendition of the judgment; that all which follows is merely ministerial, and that the failure to take an appeal within the statutory time after the pronouncement of the judgment is jurisdictional. Rev. Laws, 5329; Central Trust Co. v. Holmes Mining Co., 30 Nev. 437.

Oral notice of the rejection of a claim against an estate in other jurisdictions than Nevada: Peters v. Stewart, 21 N. Y. Supp. 993; Gardner v. Pitcher, 95 N. Y. Supp. 678; Miller v. Swing, 67 N. E. 292. Our statute does not use the word "notice," but says that the holder shall be immediately "notified." Oral notice is sufficient under the term "notified." Vinton v. B. & M. Assn., 9 N. E. 177; In Re Boner, 189 Fed. 93.

A failure to allow the claim within the statutory time is a rejection by operation of law. Boyd v. Von Neida,

83 N. W. 329; Farewell v. Richardson, 84 N. W. 552; Mann v. Redmon, 145 N. Y. 1031; Underwood v. Brown, 60 Pac. 700.

A claimant can recover only upon the claim presented. Bechtel v. Chase, 106 Pac. 81; Brooke v. Lawon, 68 Pac. 97; Etchas v. Orena, 60 Pac. 45. Was it necessary for plaintiff to present a claim before sustaining a cause of action to enforce his alleged attorney's lien? If this were a lien declared in writing by the decedent, and recorded like a mortgage lien, it could be enforced without the presentation of a claim; but a lien which arises by operation of law is not such a lien as can be sued upon without a preliminary presentation of the claim. Brown v. Truax, 115 Pac. 597; Casey v. Ault, 29 Pac. 1048.

All the delay in the estate is that of plaintiff, who was the attorney for the executrix and for the administrator with the will annexed. Laches are sustained with particular care where the cause of action alleged delays the settlement of the estate. Flora v. Brown, 140 N. W. 364.

On the second cause of action, if the contract was as plaintiff stated it to be, he was entitled to demand a conveyance of one-half of the property involved as soon as judgment was obtained, because the time to sue ran from the date of the judgment. Barclay v. Blackington, 59 Pac. 834.

By seeking to enforce a strict money demand without asserting the lien, a creditor waives the lien. Merc. Realty Co. v. Stetson, 94 N. W. 859; Homer v. McCormick, 56 Pac. 1124; Rose v. Rundell, 150 Pac. 614.

No interest in or lien upon real property can be created except by an instrument in writing. Rev. Laws, 1069–1071. The statute of frauds is sufficiently pleaded. 20 Cyc. 315. The burden is upon plaintiff and not upon defendant to show that there are such facts as will take the contract out of the statute. 20 Cyc. 316B. Mere naked services capable of being measured in money are never an act of part performance. 36 Cyc. 672; Cooper v. Colson, 58 Atl. 337; Farrin v. Matthews, 124 Pac. 675. Defendant may set forth by answer as many defenses

and counter-claims as he may have.  He may plead both
a general denial and new matter, or even inconsistent
defenses.  Light v. Stevens, 103 Pac. 361; Shepard v.
Hermon, 107 Pac. 622; Kimble v. Stackpole, 110 Pac.
677; Wall v. Mines, 62 Pac. 386; Banta v. Silver, 53
Pac. 935; Cooper v. Smith, 21 N. E. 887.

*J. B. Dixon* (in pro. per.) and *A. E. Painter,* for
Respondent:

The motion to dismiss is without merit.  No final
judgment can be considered as rendered until such time
as the judge performs all the duties required of him by
the statutes.  No appeal can be taken until after the
findings and judgment have been prepared by the attor-
ney for the successful party, presented to the judge
and signed by him.  If the appeal cannot be taken until
such time, it necessarily follows that the time for taking
an appeal does not commence to run until such time.
Rev. Laws, 5342.  "The general rule, recognized by the
courts of the United States, and by most, if not all, of
the states, is that no judgment or decree will be regarded
as final, within the meaning of the statutes in reference
to appeals, unless all the issues of law and of fact neces-
sary to be determined were determined, and the case
completely disposed of, so far as the court had power
to dispose of it."  Freeman on Judgments (3d Ed.) sec
34; Schwartz v. Stock, 26 Nev. 128.

New matter provided for in our statute to be set up
by answer must all be set up by way of confession and
avoidance.  This is clearly settled by the authorities.
Ferguson v. Rutherford, 7 Nev. 385; Horton v. Ruhling,
3 Nev. 498; McManus v. Ophir, 4 Nev. 15.

The rule is practically universal that an answer or
plea in confession or avoidance must confess the facts
pleaded to, and must avoid, and the avoidance must be
coextensive with, the confession.  4 Ency. Pl. and Pr.
664-671; 1 Sutherland, Code Pl. 385; Gould on Pleading,
p. 192, note; 31 Cyc. 128.

The rules of pleading at common law have not been
abrogated by the codes.  The essential principles still

remain.  The object still is to produce proper issues of fact, so that justice may be administered between parties litigant with regularity and certainty.  Parsley v. Nicholson, 65 N. C. 207; Sampson v. Shaffer, 3 Cal. 196; Doll v. Smith, 43 Misc. (N. Y.) 417.

A defense of the statute of limitations may be contested by demurrer when the pleadings show that the statutory time has elapsed.  Columbia v. Clause, 78 Pac. 708; Wise v. Williams, 72 Cal. 544; McCann v. Penny, 100 Cal. 547; Fullerton v. Bailey, 17 Utah, 85; Wise v. Hogan, 77 Cal. 184.

An equitable claim—a claim on a mortgage or on a lien—need not be filed or presented to the administrator before bringing suit, or as the basis of an action. Thompson v. Crockett, 19 Nev. 242; Kirman v. Powning, 25 Nev. 378; Furman v. Craine, 121 Pac. 1007; Estate of Kibbe, 57 Cal. 407; People v. Olvera, 43 Cal. 492; Hardin v. St. Claire, 115 Cal. 460.

Mere delay alone, in the absence of any change of circumstances or condition in the relation of the parties between themselves, or with reference to the subject-matter, will not bar a suit for specific performance.  26 Am. & Eng. Ency. Law, 79.

By the Court, SANDERS, J. :

1. This cause was submitted on briefs without argument.  There are two appeals to be considered.  One is that of the defendant, taken on the 26th day of January, 1916, from a judgment entered on the 17th day of August, 1917; and the other is the cross-appeal of the plaintiff, taken on the 11th day of February, 1918, from the same judgment.  The appellant moves for the dismissal of the cross-appeal, upon the ground that it was not taken within six months from the date of the rendition of the judgment (Rev. Laws, 5329) on July 26, 1917.

Conceding, as is argued, that the cross-appeal falls within the rule as announced in the case of Central Trust Co. v. Holmes M. Co. (30 Nev. 437, 97 Pac. 390) that the time within which an appeal may be taken

begins to run from the date the court renders its decision and orders judgment entered, and not from the date of the entry of the judgment, we do not think the appellant is in position to urge the point, as both appeals are taken from the judgment as entered on the 17th day of August, 1917. In this situation, in justice to both parties, we decline to consider the motion.

Coming to the merits of the defendant's appeal: The plaintiff, J. B. Dixon, an attorney and counselor at this bar, brought his action in the district court of Washoe County in July, 1915, against the defendant, W. E. Pruett, as administrator of the estate of Nellie G. McCormick, deceased, with her will annexed, to charge certain assets of the estate in his hands for distribution, with a claim for legal services rendered the deceased by plaintiff pursuant to oral agreement made with deceased in 1908, wherein it was agreed that the plaintiff was to be paid and receive a contingent fee of one-half of all property, money, or effects that might be recovered or restored to the deceased as and for her interest in the estate of Margaret Winters, her mother. The claim preferred by the complaint is that, pursuant to the contract of employment, he commenced and prosecuted an action, which resulted, in 1909, in a judgment and decree adjudging and decreeing Nellie G. McCormick to be the owner of a one-ninth undivided, equitable interest in 1,200 acres of land described in the pleadings in said suit.

Shortly after the litigation was commenced the said Nellie G. McCormick died testate, and her suit was continued in the name of her executrix and one Forsyth, guardian ad litem of her minor child and devisee. The executrix, after the termination of the litigation, was removed as such by order of court, and the defendant herein qualified as administrator of the estate of Nellie G. McCormick, deceased, with her will annexed. The plaintiff filed a claim with the clerk of the court against the said estate for the sum of $3,417.50. The claim as filed was not formally rejected by the administrator or the district court, but the latter informed the plaintiff

that his claim would be rejected, and he would have to institute suit for its payment. Thereafter, and prior to the commencement of this action, the administrator, without the assistance or consent of the plaintiff, compromised and settled Nellie G. McCormick's one-ninth undivided equitable interest in the land in question, and the rents and profits accruing therefrom, for the sum of $5,000. Of said sum, $2,933.32 was fixed as the value of her interest in said lands, and $1,998.90 as rents and profits accruing therefrom; the remainder being for Nellie G. McCormick's interest in the personal estate of her mother.

The complaint consists of two causes of action. The relief demanded therein is in the alternative. First, the plaintiff demands judgment for the sum of $2,500 in lieu of his undivided one-half (equal to a one-eighteenth) interest in the lands and the rents arising therefrom; second, an attorney's lien for $2,500 against the said sum of $5,000 so paid and received by the defendant; third, an attorney's lien for the value of his legal services rendered pursuant to the contract of employment, fixed by plaintiff at $2,500; fourth, that plaintiff have such other and further relief as the nature and circumstances of his case may require.

The defendant interposed a demurrer to the complaint, upon the ground that the same does not state facts sufficient to constitute a cause of action. The demurrer was submitted to the court without argument, and was overruled. Thereupon the defendant answered, and for answer, in addition to his special denials of the allegations contained in the complaint, filled with negative pregnants, set up fifteen affirmative defenses to the action. The plaintiff interposed a demurrer to each of these defenses, which was sustained. The defendant thereupon went to trial before the court, without a jury, upon the issues joined upon the pleadings. The trial resulted in a judgment in favor of the plaintiff and against the defendant for the sum of $1,466.66. The defendant appeals from the judgment alone.

2. The only question presented for our determination is the correctness of the court's ruling on the demurrers to the alleged affirmative defenses. In the view we take of these so-called affirmative defenses it is unnecessary to give them separate examination. Such examination would extend this opinion unnecessarily, but, out of regard for the labor expended by counsel and the exhaustive argument filed in support of his exception to said ruling, we feel impelled to give the contentions of the appellant more than passing notice.

Because of the manner and form in which the alleged defenses are pleaded, they have imposed upon us the necessity of a careful scrutiny, analysis, and comparison of the allegations of the complaint and answer to ascertain whether the alleged defenses constitute defenses to the action as the term "defense" is used in our statute.

Section 104 of the practice act (Rev. Laws, 5046; Stats. 1915, p. 192) provides that the answer of the defendant shall contain, if the complaint be verified, a special denial of each allegation of the complaint, controverted by the defendant, or a denial thereof according to his information and belief; * * * a statement, in ordinary and concise language, of any new matter constituting a defense or counter-claim.

3. First in an answer comes a denial or denials (if any there be), and then comes "defenses" (if any there be). A defense can consist of only "new matter" constituting a defense. The sufficiency of a defense is tested by whether the new matter pleaded in it constitutes a defense to the action, taking the allegations of the complaint to be true. If it does not stand this test, it is demurrable for insufficiency. If there be anything in a "defense" which is not "new matter" it is of no weight there whatever. Staten Island Midland Ry. Co. v. Hinchcliffe, 34 Misc. Rep. 49, 68 N. Y. Supp. 556; Pascekwitz v. Richards, 37 Misc. Rep. 250, 75 N. Y. Supp. 293.

4, 5. A defense can consist only of "new matter"; that is, matter outside of the general issue. McManus v. Western Assur. Co., 22 Misc. Rep. 269, 48 N. Y. Supp.

820. "New matter" constituting a defense means some facts which the plaintiff is not bound to prove to make his case, and which goes in avoidance or discharge. Bliss, Code Pl. sec. 339. "New matter" in defense is that which, under the rules of evidence, the defendant must affirmatively establish. 21 R. C. L. 567. Furthermore, a defendant claiming affirmative relief under our practice must plead as fully as plaintiff. Rose v. Treadway, 4 Nev. 455, 97 Am. Dec. 546.

6. Testing the instant defense by these well-established standards of pleading, we are of the opinion that they do not measure up to their requirements. By a comparison of the defense with the complaint, they amount to nothing more than special denials that go to the sufficiency of the complaint, or to the facts incumbent upon the plaintiff to prove in the first instance. It is not the office of an answer to raise an issue of law where such issue should be determined on demurrer. Mandlebaum v. Russell, 4 Nev. 551; 21 R. C. L. 531. No good reason exists for pleading affirmative defenses containing averments of facts that may be proved under the general issue. 21 R. C. L. 570.

The defenses as pleaded relate back to the allegations found in the complaint, and point out that the plaintiff, before the commencement of his action, failed to comply with the nonclaim statute; that the cause of action stated in the complaint is barred by the statute of limitations; that the contract sued on is within the statute of frauds; that it is champertous; that the claim preferred by the complaint is stale; that the plaintiff has a remedy at law; that the complaint does not state a cause of action.

7. It is the contention of the pleader that each of these defenses shows a meritorious ground for defeating the action. Assuming this to be true, nevertheless the defenses, in our view of the allegations of the complaint, are properly the subject of demurrer, or are reached by the defendant's denials of the allegations of the complaint. On demurrer to these defenses the question is: Does the matter pleaded constitute a counter-claim or

defense?—not, Is it a matter that will bar the action (if a plea in bar survives in our practice)? We concede the general rule to be that any fact which avoids the action, and which the plaintiff is not bound to prove in the first instance in support of it, is new matter, and must be specially pleaded. Bliss, Code Pl. sec. 352. But if we clearly interpret the position of the pleader, he concedes and insists that the defenses as pleaded are not in confession and avoidance, but in bar of the action. Then it must follow that the defenses amount to nothing more than special denials of facts incumbent upon the plaintiff to prove in the first instance. A denial only raises an issue on the complaint. A defense is new matter that may defeat the action though the complaint be true. If the illegality of the contract sued on appears on the face of the pleading counting on it, its illegality is left a live question to be dealt with by the trial court without a formal plea of facts showing its illegality. Coppell v. Hall, 7 Wall. 542, 19 L. Ed. 244; Shohoney v. Quincy Co., 231 Mo. 131, 132 S. W. 1059, Ann. Cas. 1912A, 1143.

8, 9. The statute of frauds may be relied upon as a defense under a general denial. 21 R. C. L. 535. So also the defenses of laches may be raised by demurrer, where it appears on the face of the complaint. 10 R. C. L. 407.

The rule is elementary that anything which may be proved under a general or special denial is not a defense, and must not be pleaded as such, nor should it be set out at all. Kelly v. Sammis, 25 Misc. Rep. 6, 53 N. Y. Supp. 829.

Applying these principles of pleading to the defendant's exception to the court's ruling on the demurrer to the answer, we conclude that the exception as taken is not of such a character as to require us to reverse the judgment.

As this disposes of the appellant's only assignment of error, we now come to the consideration of respondent's cross-appeal.

It is the contention of the respondent that the judgment in his favor for the sum of $1,466.66, the amount

found to be the value of his undivided one-half of Nellie G. McCormick's one-ninth interest in the land secured for her as the result of the plaintiff's services under his contract of employment, should be increased by adding thereto one-half of the rentals of the land in question actually paid and received by the defendant in settlement of Nellie G. McCormick's equitable interest in the land and rents accruing therefrom. This we decline to do, for the reason that we are satisfied from the respondent's own showing, his acts and conduct, that he was given full benefit of all the equities that his case merits.

As no benefit would result from replying to respondent's argument, we shall affirm the judgment without comment.

The judgment is affirmed.

COLEMAN, J., dissenting:

I dissent, and base my action upon the order of the district court sustaining the plaintiff's demurrer to the affirmative defense set up in the answer pleading the failure of plaintiff to bring suit within the time prescribed by statute after he had been notified that his claim against the estate in question had been rejected.

The demurrer to plaintiff's complaint filed by the defendant, as stated in the majority opinion, was a general demurrer, and was not upon the ground that it appeared from the complaint that the action was barred by the statute; nor could such a demurrer have been sustained had it been filed, for the reason that the complaint does not allege the date of his having been notified of the rejection of his claim, nor otherwise show that the action was not brought within the time prescribed by the statute. The statute, providing that an action upon a rejected claim must be filed within thirty days after notice of its rejection is given the claimant, is in the nature of a statute of limitations, and the rules of pleading applying to statutes of limitations generally control. It is a well-established rule that, where the complaint does not show upon its face that the action is barred by the statute of limitations, the defense of the statute can

be raised only by answer.  25 Cyc. 1399; 21 R. C. L. 536. The plea of the statute must be urged upon the first opportunity, and if not so urged is waived.  25 Cyc. 1401.

I think the court erred in sustaining the demurrer to the affirmative defense mentioned, for which reason the judgment should be reversed.